IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-69,839-02 AND WR-69,839-04






EX PARTE RUBEN DAVID VEGA, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W-54348-01-D AND W-54350-01-D IN THE 320TH DISTRICT
COURT FROM POTTER COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of deadly conduct
and aggravated assault and sentenced to eight (8) years' confinement on each cause. He did not
appeal his convictions. 

 Applicant contends that counsel was ineffective because he advised Applicant that the
charges pending in Randall county would be dismissed as part of his plea bargain agreement in
Potter county. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall
order counsel to file an affidavit addressing whether he advised Applicant that the charges pending
in Randall county (cause nos. 2004-1787-L21974 and 2004-1787-L13688) would be dismissed as
part of the plea bargain agreement in Potter county. In the appropriate case, the trial court may rely
on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that counsel was ineffective. Specifically, the trial judge shall make findings of fact as to
whether counsel advised Applicant that the charges pending in Randall county would be dismissed
as part of his plea bargain agreement in Potter county. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 11, 2008

Do not publish